Davey T. Kim (State Bar No. 209676)
dkim2@travelers.com
USERY & ASSOCIATES
Mailing Address: P.O. Box 2996
Hartford, CT 06104-2996
Physical Address: 9325 Sky Park Court, Suite 220
San Diego, CA 92123
Tel: (858) 616-6112
Fax: (844) 571-3789

Attorneys for Plaintiff
NORTHFIELD INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTHFIELD INSURANCE COMPANY, <br><br> Plaintiffs, <br><br> v. <br><br> SPITZER TELEGRAPH, LLC; DAVID EARLY; MELVIN CARPENTER, individually and as Successor-in-Interest to Decedent KAMEL CARPENTER; and CHRISTOPHER WEST, individually and as Successor-in-Interest to Decedent KELIN SISSOKO, <br><br><br> Defendants. | Case No.: <br><br> **NORTHFIELD INSURANCE COMPANY'S COMPLAINT FOR:** <br> **(1) DECLARATORY RELIEF;** <br> **(2) REIMBURSEMENT UNDER *BUSS*;** <br> **(3) REIMBURSEMENT UNDER *BLUE RIDGE*** |

Plaintiff NORTHFIELD INSURANCE COMPANY alleges and avers as follows:

## THE PARTIES

1.    Plaintiff Northfield Insurance Company ("Northfield") is, and at all

1

relevant times was, an Iowa corporation with its principal place of business in Hartford, Connecticut.

2.     Northfield is informed and believes and thereon alleges that defendant Spitzer Telegraph, LLC ("SPITZER") is, and at all relevant times was, a limited liability company organized under the laws of the State of California, having its principal place of business in the State of California, and is authorized to conduct business in the State of California. SPITZER operates an event and community space at 507 55th Street (also identified as 5447 Telegraph Avenue), Oakland, California 94609 (the "Subject Premises"), doing business as East Bay Community Space.

3.     Northfield is informed and believes and thereon alleges that defendant David Early ("EARLY") is, and at all relevant times was, an individual residing in the State of California.  Northfield is informed and believes and thereon alleges that EARLY is the sole limited liability company member of SPITZER.

4.     Northfield is informed and believes and thereon alleges that defendant Melvin Carpenter ("CARPENTER"), is, and at all relevant times was, an individual residing in the State of California, who brings claims individually and as Successor-in-Interest to Decedent KAMEL CARPENTER.

5.     Northfield is informed and believes and thereon alleges that defendant Christopher West ("WEST"), is, and at all relevant times was, an individual residing in the State of California, who brings claims individually and as Successor-in-Interest to Decedent KELIN SISSOKO.

## JURISDICTION AND VENUE

6.     This Court has original jurisdiction under 28 U.S.C. § 1332 because this is a civil action between citizens of different states in which the matter in controversy is in excess of seventy-five thousand dollars ($75,000.00), exclusive of costs and interests.

7.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this claim occurred within the Northern

2

District of California.

## BACKGROUND FACTS

### The Underlying Action

8.     On or about August 22, 2025, WEST filed a complaint ("West Complaint") in an action entitled *Christopher West, individually and as Successor-in-Interest to Decedent Kelin Sissoko v. East Bay Community Space; David Early, an Individual; and DOES 1 through 50,* in the Superior Court of the State of California, County of Alameda, under Case No. 25CV138876 (the "West Action"). A true and correct copy of the West Complaint is attached as Exhibit 1.

9.     On or about September 12, 2025, CARPENTER filed a complaint ("Carpenter Complaint") in an action entitled *Melvin Carpenter, individually and as Successor-in-Interest to Decedent Kamel Carpenter v. East Bay Community Space; David Early, an Individual; and DOES 1 through 50*, in the Superior Court of the State of California, County of Alameda, under Case No. 25CV142515 (the "Carpenter Action"). A true and correct copy of the Carpenter Complaint is attached as Exhibit 2.

10.     The West Action and the Carpenter Action are referred to herein collectively as the "Underlying Actions." The Underlying Actions are pending consolidation in the Alameda County Superior Court.

11.     Each of the Underlying Complaints names SPITZER (through its DBA East Bay Community Space) and its sole member EARLY as defendants, and alleges causes of action for (1) Negligence – Premises Liability/Security; (2) Negligence – General; and (3) Wrongful Death.

12.     As alleged in the Underlying Complaints, on or about January 10, 2025, after 10:00 p.m., Decedents KAMEL CARPENTER and KELIN SISSOKO were at the Subject Premises, which was hosting a birthday party event. Suddenly, one or more unidentified individuals arrived at the Subject Premises and opened fire. Both KAMEL CARPENTER and KELIN SISSOKO were shot and killed in the incident.

3

COMPLAINT

13. According to the death certificates attached to the Underlying Complaints, KAMEL CARPENTER (age 20) was pronounced deceased at approximately 10:15 p.m., and KELIN SISSOKO (age 19) was pronounced deceased at approximately 10:11 p.m. Both death certificates identify the cause of death as "Gunshot Wounds."

14. The Underlying Complaints allege that SPITZER and David Early anticipated, or should have anticipated, criminal activity on the Subject Premises based on numerous calls to law enforcement to respond to the Subject Premises from January 2021 to January 2025, including but not limited to weapons offenses, thefts, batteries, and burglaries. The Underlying Complaints further allege that SPITZER's negligence and failure to maintain the Subject Premises in a reasonably safe condition was a substantial factor in causing the deaths of KAMEL CARPENTER and KELIN SISSOKO.

15. The Underlying Complaints each seek general damages, special damages, wrongful death damages, and punitive damages. Each plaintiff has served a statutory offer to compromise under California Code of Civil Procedure § 998 in the amount of $1,000,000, currently on extension until May 4, 2026.

16. Because CARPENTER and WEST have filed their Underlying Complaints in the Underlying Actions against SPITZER, and seek awards of damages against SPITZER, CARPENTER and WEST are parties interested in the outcome of this declaratory action and are so situated that disposing of the action in their absence may leave Northfield subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations. CARPENTER and WEST are therefore necessary and proper parties to this action pursuant to Rule 19(a) of the Federal Rules of Civil Procedure.

**The Northfield Policy**

17. Northfield issued a Commercial Insurance Policy, including Commercial General Liability coverage, to SPITZER under Policy No. WS597049 for the policy

4

period of March 23, 2024 to March 23, 2025 (the "Northfield Policy"). SPITZER is the named insured based on Northfield Policy's **COMMERCIAL GENERAL LIABILITY COVERAGE PART DECLARATIONS**. EARLY is also identified an insured based on Northfield Policy's **COMMERCIAL GENERAL LIABILITY COVERAGE FORM, CG 00 01(12/07), SECTION II – WHO IS AN INSURED**, which states in part:

1. If you are designated in the Declarations as:

. . . .

a.    A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

A true and correct copy of the Northfield Policy is attached as Exhibit 3.

18.    The Northfield Policy provides in pertinent part the following section entitled **COMMERCIAL GENERAL LIABILITY COVERAGE FORM, CG 00 01 (12/07), SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**, which states:

**1. Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit' seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. ...

**b.** This insurance applies to "bodily injury" and "property damage" only if:

COMPLAINT

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(2) The "bodily injury" or "property damage" occurs during the policy period; ...

* * *

19.    The Northfield Policy defines "bodily injury" as:

**3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

* * *

20.    The Northfield Policy defines "occurrence" as:

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

21.    The Northfield Policy's Declarations provide the Each Occurrence Limit of $1,000,000 and a General Aggregate Limit of $2,000,000.

22.    The Northfield Policy includes, among other things, the endorsement **EXCLUSION – ASSAULT OR BATTERY, S23-CG (12/21)**, which states:

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**PROVISIONS**

1.    The following exclusion is added to Paragraph 2., Exclusions, of SECTION I – COVERAGES – COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY:

**Assault Or Battery**

"Bodily injury" or "property damage":

6

a. Arising out of any act of "assault" or "battery" committed by any person, including any act or omission in connection with the prevention or suppression of, or in response to, such "assault" or "battery"; or

b. That is alleged in any claim or "suit" that also alleges any such act of "assault" or "battery".

3.    The following is added to the DEFINITIONS Section:

"Assault" means any attempt or threat to inflict injury to another, including any conduct that would reasonably place another in apprehension of such injury.

"Battery" means any intentional, reckless or offensive physical contact with, or any use of force against, a person without his or her consent that inflicts some injury, regardless of whether the resulting injury inflicted is intended or expected.

* * *

23.    The Northfield Policy also includes the **COMBINATION ENDORSEMENT BODILY INJURY AND PROPERTY DAMAGE LIABILITY, S267-CG (9/22)**, which provides in relevant part:

**Amendment of Limits of Insurance – Noncumulation of Each Occurrence Limit**

5.    Subject to Paragraph 2. or 3. above, whichever applies, the Each Occurrence Limit is the most we will pay for the sum of all:

a. Damages under Coverage A because of all "bodily injury" and 'property damage"; and

b. Medical expenses under Coverage C because of all "bodily injury"; arising out of any one "occurrence."

* * *

24.    The Northfield Policy includes the endorsement LIMITATION OF

7

COMPLAINT

COVERAGE TO DESIGNATED PREMISES, PROJECT OR OPERATION, CG 21 44 (04/17), limiting coverage to the premises shown on the Declarations, which lists 5447 Telegraph Ave, Oakland, CA 94609.

25. The Northfield Policy also includes, inter alia, the following endorsement **EXCLUSION – PUNITIVE OR EXEMPLARY DAMAGES, S43-CG (1/14),** which states:

The following exclusion is added to Paragraph 2. Exclusions, of Section I –

**COVERAGES – COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY:**

**Punitive Or Exemplary Damages**

Any claim for punitive or exemplary damages, fines, penalties or multiplied damages.

\* \* \*

### Notice of the Underlying Action

26. SPITZER and EARLY tendered their defense of the Underlying Action to Northfield.

27. In response, Northfield issued reservation of rights letters to SPITZER and EARLY dated May 30, 2025 and October 6, 2025, reserving the right to disclaim coverage based on, among other grounds: (a) the Assault or Battery Exclusion; (b) the Limitation of Coverage to Designated Premises endorsement; (c) the Punitive or Exemplary Damages Exclusion; and (d) SPITZER's failure to cooperate with Northfield's investigation. Subject to its reservation of rights, Northfield appointed defense counsel to defend SPITZER and EARLY in the Underlying Actions. A true and correct copy of the reservation of rights letter to SPITZER and EARLY dated May 30, 2025 is attached as Exhibit 4.  Also, a true and correct copy of the reservation of rights letter to SPITZER and EARLY dated October 6, 2025 is attached as Exhibit 5.

/ / /

8

COMPLAINT

## **FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF**

### **(Against All Defendants)**

28.    Northfield realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 27, inclusive, as though fully set forth herein.

29.    An actual and justiciable controversy has arisen between Northfield and SPITZER and EARLY in that SPITZER and EARLY contend, and Northfield disputes, that Northfield is obligated to defend and indemnify SPITZER and EARLY under the Northfield Policy against the Underlying Actions.

30.    Northfield contends, and SPITZER and EARLY dispute, that Northfield has no obligation to defend and indemnify SPITZER and EARLY with respect to any damages alleged and that may be awarded in the Underlying Actions. Northfield contends it has no such obligation to defend and indemnify SPITZER and EARLY based upon the terms, conditions, definitions, and exclusions contained in the Northfield Policy, including without limitation the Assault or Battery Exclusion (S23-CG (12/21)).

31.    Specifically, the bodily injury alleged in the Underlying Complaints arises out of acts of "assault" and "battery" committed by one or more persons at the Subject Premises on January 10, 2025, and each of the Underlying Complaints alleges such acts of "assault" and "battery." Accordingly, the Assault or Battery Exclusion applies to bar both the duty to defend and the duty to indemnify under the Northfield Policy.

32.    In the alternative, an actual and justiciable controversy has also arisen between Northfield and all Defendants regarding the applicable limit of liability under the Northfield Policy. Northfield contends that the January 10, 2025 shooting - which consisted of a single attack at the same location at the same time - constitutes one "occurrence" under the Northfield Policy, and that the total limit of liability available for all claims arising out of that event is $1,000,000, the Each Occurrence Limit.

9

CARPENTER and WEST have each made settlement demands of $1,000,000, for a total of $2,000,000.

33.    In addition, Northfield contends, and SPITZER and EARLY dispute, that Northfield has no obligation to indemnify SPITZER and EARLY with respect to any punitive damages alleged or that may be awarded in the Underlying Actions based on the Exemplary and Punitive Damages Exclusion in the Northfield Policy.

34.    Northfield asserts and contends that declaratory judgment is both necessary and proper at this time for the court to determine the respective rights, duties, and obligations of the parties under the Northfield Policy.

35.    Northfield requests that the Court resolve the present and actual controversy between the parties by issuing a judgment declaring the rights and obligations of the parties with regards to the Northfield Policy.

36.    Northfield further requests a declaration of rights, duties and/or obligations of the parties as otherwise appropriate, and for judgment for any amount as may be appropriate.

### SECOND CAUSE OF ACTION FOR REIMBURSEMENT
### (Against SPITZER and EARLY)

37.    Northfield realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 36, inclusive, as though fully set forth herein.

38.    Northfield has paid, and continues to pay, certain defense fees and costs incurred by SPITZER and EARLY in defense of the Underlying Actions. Northfield agreed to participate in the defense of SPITZER and EARLY, subject to a reservation of rights, including but not limited to a reservation of the right to seek reimbursement for the fees and costs incurred in the defense of SPITZER and EARLY that are not covered by the Northfield Policy.

39.    Northfield is entitled to reimbursement from SPITZER and EARLY of the defense fees and costs it incurred in defending SPITZER and EARLY that are

10

COMPLAINT

recoverable pursuant to *Buss v. Superior Court*, 16 Cal.4th 35 (1997).

### THIRD CAUSE OF ACTION FOR REIMBURSEMENT

#### (Against SPITZER and EARLY)

40.     Northfield realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 39, inclusive, as though fully set forth herein.

41.     To the extent that Northfield has paid or pays CARPENTER or WEST any amount in order to obtain a release and dismissal of SPITZER and EARLY in the Underlying Actions, Northfield agreed to participate in the defense and indemnity of SPITZER and EARLY subject to a reservation of rights, including but not limited to a reservation of the right to seek reimbursement for indemnity payments made on behalf of SPITZER and EARLY that are not covered by the Northfield Policy.

42.     Northfield is entitled to reimbursement from SPITZER and EARLY of any such indemnity payment that is recoverable pursuant to *Blue Ridge Ins. Co. v. Jacobsen,* 25 Cal. 4th 489 (2001).

### PRAYER

WHEREFORE, Northfield prays for judgment as follows:

1.     For a judicial determination that Northfield is not obligated to defend and indemnify SPITZER and EARLY under the Northfield Policy;

2.     For a judicial determination that there is no coverage under the Northfield Policy for the Underlying Actions or any damage or judgment arising therefrom, by virtue of the Assault or Battery Exclusion and other applicable policy provisions;

3.     In the alternative, for a judicial determination that the January 10, 2025 shooting at the Subject Premises constitutes a single "occurrence" under the Northfield Policy, and that the maximum limit of liability available for all claims arising therefrom is $1,000,000;

COMPLAINT

4.    For a judicial determination that Northfield is not liable to pay or satisfy any claims, judgments, or awards in the Underlying Actions in excess of any applicable limit as determined by the Court;

5.    For a judicial determination that Northfield is not liable to pay or satisfy any claims, judgments, or awards in the Underlying Actions for punitive or exemplary damages;

6.    For reimbursement against SPITZER and EARLY of the defense fees and costs incurred by Northfield in the defense of SPITZER and EARLY in the Underlying Actions that are recoverable under *Buss v. Superior Court*, 16 Cal.4th 35 (1997);

7.    For reimbursement against SPITZER and EARLY of any indemnity payment made by Northfield to CARPENTER or WEST in order to obtain a release and dismissal of SPITZER and EARLY in the Underlying Actions that are recoverable under *Blue Ridge Ins. Co. v. Jacobsen*, 25 Cal.4th 489 (2001);

8.    For costs of suit incurred herein; and

9.    For such other and further relief as the Court may deem just and proper.

Dated:  March 25, 2026                    USERY & ASSOCIATES

By */s/ Davey T. Kim*
Davey T. Kim
Attorneys for Plaintiff
NORTHFIELD INSURANCE COMPANY

12

COMPLAINT